*1270 OPINION.
Littleton :
Petitioner claims that $10,000 which he agreed to pay Clancy for his services in connection with the reorganization and consolidation of his business with that of George D. Parker was an ordinary and necessary business expense and was a proper deduction from his gross income for the jrear 1921. Upon the record we deem it unnecessary to discuss the question whether the amount agreed to be paid to Clancy for his assistance in this matter was of a capital nature and therefore not deductible as a business expense, since it appears that petitioner would not be entitled to the deduction in the taxable year 1921 even if it should be held that the amount agreed to be paid was an ordinary and necessary business expense. The petitioner testified that the voting trust certificates were given to Clancy as security for the $10,000 which he had agreed to pay for his services in the matter in connection with the incorporation and consolidation of the two businesses and this testimony does not contradict nor vary either the agreement between Parker and the petitioner on December 29,1920, or the voting trust agreement of May 17, 1921.
*1271 The petitioner did not pay out the $10,000 until April, 1922, and. even if the $10,000 which he agreed to pay to Clancy was a business, expense, it would not be deductible in 1921, because it was not paid in that year. Counsel for petitioner argued in his brief that the petitioner employed the accrual method of accounting, but there is nothing in the record to support this contention; on the contrary the petitioner testified, in reply to a direct question concerning the-method of accounting employed, that he kept his books on a cash receipts and disbursements basis.

Judgment will be entered for the respondent.